IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FACILITIES PRO-SWEEP, INC.,                    CASE NO._____
a Florida corporation,

      Plaintiff,

v.

FACILITY PRO, INC., a Florida corporation,

      Defendant.
_____/

## VERIFIED COMPLAINT

      Plaintiff, FACILITIES PRO-SWEEP, INC. ("**Plaintiff**"), sues Defendant, FACILITY PRO, INC. ("**Defendant**"), and alleges:

### INTRODUCTION

      1.    This is an action for infringement of Plaintiff's valuable service marks, for false designation of origin, and for unfair competition under federal and Florida statutory and common law, involving Defendant's willful acts by virtue of Defendant's use of its service marks, including **FACILITY PRO** and **FACILITY PRO THE MAINTENANCE PROFESSIONALS (and design)** ("**Defendant's Marks**"), which are nearly identical, highly similar, and/or confusingly similar to Plaintiff's service marks, including **FACILITIES**, **FACILITIES PRO-SWEEP,** and **FACILITIES PRO-SWEEP (and design)** ("**Plaintiff's Marks**").

      2.    Plaintiff is in the business of property maintenance, including, without limitation, cleaning, upkeep, and maintenance of commercial and industrial facilities and their surroundings and parking lots, as well as roads, streets, sidewalks, curbs, dumpsters, etc. ("**Plaintiff's Services**").

1

3. Defendant is in an identical business ("**Defendant's Services**").

4. Defendant conducts and/or solicits business in Florida, and set up its principal place of business only approximately four (4) miles away from Plaintiff's principal place of business.

5. Defendant responded to Plaintiff's demand to cease and desist by denying its infringement and refusing to comply with Plaintiff's demand.

6. Therefore, Defendant's willful infringement was intentional.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), in that this action arises under the federal Lanham Act/Trademark Act, 15 U.S.C. §1051 *et seq.*, federal common law, and other federal law.

8. This Court has personal jurisdiction over Defendant, and venue is proper in the Southern District of Florida ("**District**") pursuant to 28 U.S.C. §§ 1391 (b) and (c) because Defendant resides and/or maintains its principal place of business in the District, Defendant is doing business in the District, and a substantial part of the events or omissions giving rise to the claims occurred in the District.

9. Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a) as the claims are so related to the federal claims that they form part of the same general nucleus of facts, case, or controversy under Article III of the United States Constitution.

## PARTIES

10. Plaintiff is a corporation duly organized and existing under the laws of the State of Florida, with a principal place of business at 1471 SW 30th Avenue, Suite 12, Deerfield Beach, FL 33442.

11. Defendant is a Florida corporation with a principal place of business at 1300 East Hillsboro Beach Blvd., Suite 200, Deerfield Beach, FL 33441.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### a. Plaintiff's Marks

12. Plaintiff's Services consist of power sweeping, maintenance, cleaning, and upkeep of commercial and industrial facilities such as parking lots and garages, retail centers, offices and industrial lots, construction sites, as well as home owner associations, apartment building, and condos. *See* a printout of Plaintiff's website, attached as ***Exhibit "A"*** hereto.

13. Plaintiff has been continuously using the mark **FACILITIES PRO-SWEEP** since as early as February 15, 2002, within the State of Florida and in U.S. Commerce since as early as June 1, 2002, in connection with Plaintiff's Services.

14. On November 17, 2016, Plaintiff applied for a federal registration of the mark **FACILITIES PRO-SWEEP** with the United States Patent and Trademark Office ("<u>USPTO</u>") in connection with the following services:

> Building maintenance and repair; Cleaning of commercial premises; Cleaning of industrial premises; Cleaning of roads, streets, parking lots, garages, sidewalks, curbs, hedges, dumpster areas, vacant suites, spills, buildings, premises, surrounding grounds outside buildings; Handyman service, namely, building repair and maintenance; Maintenance of roads, streets, parking lots, garages, sidewalks, curbs, hedges, dumpster areas, vacant suites, spills, buildings, premises, surrounding grounds outside buildings; Trash clean-up; Repair, maintenance and modification of roads, streets, parking lots, garages, sidewalks, curbs, hedges, dumpster areas, vacant suites, spills, buildings, premises, surrounding grounds outside buildings; Street cleaning; Street sweeping services

in International Class 37. *See* USPTO's TESS printout of Plaintiff's U.S. Service Mark Application Serial No. 87/240,404 ("**App. No. '404**") attached as ***Exhibit "B"*** hereto.

15. On March 7, 2017, Plaintiff's App. No. '404 was published for opposition on the Principal Register without a disclaimer and reflecting and evidencing the distinctiveness of

3

Plaintiff's FACILITIES PRO-SWEEP service mark in connection with the services listed in App. No. '404.

16. Although Defendant has no meritorious basis for opposing Plaintiff's App. No. '404, on March 31, 2017, Defendant requested with the USPTO's Trademark Trial and Appeal Board ("**TTAB**"), and was granted, a ninety-day extension of time to oppose same, through and including July 5, 2017, purposely and wrongfully delaying and attempting to prevent registration of App. No. '404. *See Exhibit "C"* hereto.

17. Though Defendant has currently filed its extension against App. No. '404, despite not having any superior rights for challenging registration of the App. No. '404, once registered in due course, Plaintiff's App. No. '404 will confer *prima facie* evidence of Plaintiff's nationwide right of exclusive use of **FACILITIES PRO-SWEEP** and any mark likely to cause confusion with this mark in connection with the services specified in the resulting registration, pursuant to 15 U.S.C. § 1057(b).

18. On November 14, 2002, Plaintiff applied for a federal registration of the mark **FACILITIES PRO-SWEEP (and design)** with the USPTO in connection with parking lot power sweeping and maintenance in International Class 37. The mark appears as follows:



19. Said application matured into U.S. Registration No. 3,037,482 for the mark **FACILITIES PRO-SWEEP (and design)** ("**Reg. No. '482**") issued on January 3, 2006. *See Exhibit "D"* hereto.

20. Plaintiff's Reg. No. '482 is valid, subsisting, and in full force and effect, and therefore confers *prima facie* evidence of a nationwide right of exclusive use of **FACILITIES**

4

**PRO-SWEEP (and design)** and any mark likely to cause confusion with this mark in connection with the services specified in the registration, pursuant to 15 U.S.C. § 1057(b).

21. Plaintiff's Reg. No. '482 is incontestable, and constitutes conclusive evidence of the validity and registration of the mark, Plaintiff's ownership, and Plaintiff's exclusive right to use the mark in commerce. 15 U.S.C. 1115(b). *See **Exhibit "E"*** hereto.

22. Although initially Reg. No. '482 dated January 3, 2006, claimed no exclusive right to use "FACILITIES PRO-SWEEP" apart from the mark as shown, the disclaimed matter has become distinctive of the Plaintiff's services in accordance with 15 U.S.C. § 1056(b)[1], and has not prejudiced or affected Plaintiff's rights then existing or thereafter arising in the disclaimed matter. Hence, Plaintiff's App. No. '404 was published for opposition on the Principal Register without a disclaimer, reflecting and evidencing the distinctiveness of Plaintiff's FACILITIES PRO-SWEEP service mark in connection with Plaintiff's Services.

23. Plaintiff also owns Florida Service Mark Registration Document No. T17000000315 for the mark **FACILITIES** for building/premises repair/maintenance; parking lot, garage, street power sweeping; repair/maintenance of parking lots & surrounding grounds outside buildings, which issued on or about March 22, 2017. A true and correct copy of the Florida Department of State ("<u>FDS</u>")'s record of Plaintiff's Registration No. T17000000315 is attached as ***Exhibit "F"*** hereto.

24. Plaintiff also owns Florida Service Mark Registration Document No. T17000000017 for the mark **FACILITIES PRO-SWEEP** for building/premises repair/maintenance; parking lot, garage, street power sweeping; repair/maintenance of parking

---

[1] "No disclaimer. . . shall prejudice or affect the applicant's or registrant's rights then existing or thereafter arising in the disclaimed matter, or his right of registration on another application if the disclaimed matter be or shall have become distinctive of his goods or services." 15 U.S.C. § 1056(b).

lots & surrounding grounds outside buildings, which issued on or about January 3, 2017. A true and correct copy of Plaintiff's Certificate of Registration No. T17000000017 from the FDS is attached as ***Exhibit "G"*** hereto.

25. Plaintiff also owns Florida Service Mark Registration No. T16000000383 for the mark **FACILITIES PRO-SWEEP & DESIGN OF WORD "FACILITIES" RED, WORD "PRO-SWEEP" AND TRUCK ARE BLUE, RED HORIZONTAL LINES PRECEDE "PRO-SWEEP"** for building/premises repair/maintenance, parking lot power sweeping, repair/maintenance of parking lots & surrounding grounds outside buildings, which issued on April 18, 2016. The word FACILITIES is not disclaimed in the '383 Registration. A true and correct copy of Plaintiff's Certificate of Registration No. T16000000383 from the FDS is attached as ***Exhibit "H"*** hereto.

26. Plaintiff also owns Florida Service Mark Registration Document No. T17000000048 for the mark **FACILITIES PRO-SWEEP & DESIGN OF WORD "FACILITIES" FOLLOWED BY A TRUCK ABOVE HORIZONAL LINES PRECEDING "PRO-SWEEP"** for building/premises repair/maintenance; parking lot, garage, street power sweeping; repair/maintenance of parking lots & surrounding grounds outside buildings, which issued on or about January 9, 2017. The wording FACILITIES PRO-SWEEP is not disclaimed in the '048 Registration. A true and correct copy of Plaintiff's Certificate of Registration No. T17000000048 from the FDS is attached as ***Exhibit "I"*** hereto.

27. Plaintiff has also acquired strong common law service mark rights in Plaintiff's Marks used in Florida and interstate commerce in connection with Plaintiff's Services. Plaintiff's enforceable common law service mark rights were established and vested long before Defendant's began using its infringing FACILITY PRO mark in May 2014.

28. Plaintiff's Marks have been continuously used in Florida and interstate commerce to identify and distinguish Plaintiff's high quality services for an extended period of time, are a symbol of enormous quality, reputation, and goodwill, and have never been abandoned.

29. As a result of Plaintiff's marketing, advertising, and promoting Plaintiff's Services in commerce throughout Florida and the United States, Plaintiff's Marks have achieved favorable third party publicity and recognition. The significant provision of Plaintiff's Services in connection with Plaintiff's Marks in Florida and the United States have been combined with individual consumer and industry recognition of Plaintiff's Marks.

30. Plaintiff's Marks are inherently distinctive, but have also become a distinctive indication of the origin and high level of quality of Plaintiff's Services as a result of Plaintiff's extensive use, marketing, and advertising. Plaintiff's Marks therefore act as an indication of the source of these services and assures consumers of a high level of quality, appeal, and satisfaction with which Plaintiff's Services have become synonymous.

31. Based on Plaintiff's long, significant and continuous use of its marks, Plaintiff's FACILITIES and FACILITIES PRO-SWEEP marks have also become distinctive and enforceable in connection with Plaintiff's services long before Defendant began using its infringing FACILITY PRO mark in May 2014.

32. By continuously using Plaintiff's Marks for approximately fifteen (15) years in the industry in Florida and interstate commerce, Plaintiff has developed significant and valuable goodwill in Plaintiff's Marks within the industry and the public, and Plaintiff's Marks serve as a source identifier for Plaintiff's high quality services.

//

//

### b. Defendant's Marks

33. Defendant is and has been familiar with Plaintiff's Services offered under Plaintiff's Marks.

34. Defendant has been in direct competition with Plaintiff within their industry.

35. Defendant originally formed its corporation under the name Sweepmasters Sweeping Service, Inc. on approximately April 30, 1999. A true and correct copy of the initial filing with the FDS for the Defendant entity Doc. No. P99000039313 is attached as ***Exhibit "J"*** hereto.

36. After operating as Sweepmasters Sweeping Service, Inc. for 15 years, on May 9, 2014, Defendant amended its name with the FDS to Facility Pro, Inc. A true and correct copy of the amendment filed with the FDS for the Defendant entity Doc. No. P99000039313 is attached as ***Exhibit "K"*** hereto.

37. The amendment of Defendant's corporate name was preceded eight days earlier, on May 1, 2014, by the filing of an amended annual report adding new officers. A true and correct copy of the amended annual report filed with the FDS for the Defendant entity Doc. No. P99000039313 is attached as ***Exhibit "L"*** hereto.

38. Without Plaintiff's authorization, Defendant has adopted and is using Defendant's Marks, which are and/or appear nearly identical, highly similar, and/or confusingly similar to Plaintiff's Marks when seen by consumers, and are offered and provided in connection with identical services through identical trade channels and to identical purchasers.

39. On or about February 27, 2015, Defendant applied for a federal registration of the mark **FACILITY PRO** with the USPTO in connection with "cleaning, upkeep and maintenance of commercial and industrial facilities, namely, providing janitorial, street sweeping, pressure

washing, snow removal, parking lot repair, concrete polishing and striping and waxing of floors" in International Class 37, which was registered on the Supplemental Register on February 16, 2016 as U.S. Reg. No. 4,903,047 ("**Reg. '047**"). *See Exhibit "M"* hereto.

40. On or about February 27, 2015, Defendant applied for a federal registration of the mark **FACILITY PRO THE MAINTENANCE PROFESSIONALS (and design)** with the USPTO in connection with "cleaning, upkeep and maintenance of commercial and industrial facilities, namely, providing janitorial, street sweeping, pressure washing, snow removal, parking lot repair, concrete polishing and striping and waxing of floors" in International Class 37, which was registered on the Principal Register on May 3, 2016 as U.S. Reg. No. 4,949,195 ("**Reg. '195**"). *See Exhibit "N"* hereto. Reg. '195 includes a disclaimer of "FACILITY PRO" and 'THE MAINTENANCE PROFESSIONALS," and appears as follows:



41. Defendant is promoting, advertising, offering, and providing Defendant's Services under Defendant's Marks.

42. Pursuant to Reg. '047 and Reg. '195, Defendant began the use of Defendant's Marks no earlier than May 2014.

43. As referenced above, on or about May 8, 2014, Defendant, a Florida corporation formed in 1999, changed its name from "Sweepmasters Sweeping Service, Inc." to "Facility Pro, Inc."

44. Defendant adopted and commenced its use of Defendant's Marks long after Plaintiff first used Plaintiff's Marks in commerce, and after Plaintiff obtained Reg. No. '482.

45. By virtue of Plaintiff's Reg. No. '482 and its application therefor dated November 14, 2002, and commercial availability of Plaintiff's services, Defendant had actual knowledge of Plaintiff's Marks since long before it commenced its use of Defendant's Marks.

46. On or about July 10, 2015, Plaintiff sent Defendant a demand to cease and desist, notifying Defendant of Plaintiff's rights in Plaintiff's Marks, and demanding that Defendant cease all use of marks confusingly similar to Plaintiff's Marks. *See* **Exhibit "O"** hereto.

47. Defendant failed to comply with the demand, continuing its use of Defendant's Marks, and, instead, denying its infringement, and refusing compliance. *See* **Exhibit "P"** hereto.

48. On or about May 12, 2016, Plaintiff sent Defendant an additional demand to cease and desist. *See* **Exhibit "Q"** hereto.

49. Defendant failed to comply with the demand, continued its use of Defendant's Marks, and, instead, denied its infringement, and refused compliance.

50. Defendant's acts are willful, done with actual notice of Plaintiff's exclusive rights to Plaintiff's Mark, with the willful intent to imitate Plaintiff, to misappropriate, misuse, and palm off of the goodwill, distinctiveness, reputation, and recognition Plaintiff enjoys in the industry by associating Defendant's Marks with Plaintiff's Marks, and/or to dilute the distinctive quality of Plaintiff's Marks.

51. Actual confusion as to the source of Defendant's Services has already occurred and/or is likely to occur in the near future.

52. Because of the similarity between the marks used by Plaintiff and Defendant, Defendant's use of Defendant's Marks is likely to confuse consumers into believing Defendant's Services originate from Plaintiff, and/or into assuming that Defendant's Services are affiliated with, endorsed, or sponsored by Plaintiff.

53. As a direct and proximate result of the Defendant's prior acts complained of herein, Plaintiff has suffered great and irreparable harm and damage which escalates each day Defendant's acts are permitted to continue.

54. Plaintiff has no adequate remedy at law relative to the continued and future harm expected to be suffered for Defendant's continued conduct.

55. All prerequisites to filing suit have been satisfied, have occurred or have been waived.

56. As a direct and proximate result of Defendant's acts complained of herein, Plaintiff has been forced to retain the undersigned firm, and has agreed to pay it a reasonable fee for its services.

## COUNT I
## FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

57. Plaintiff adopts and incorporates Paragraphs 1-56 as if fully alleged herein.

58. Plaintiff has been using Plaintiff's Marks in conjunction with Plaintiff's Services in Interstate Commerce long before Defendant commenced its use of Defendant's Marks, and has developed substantial goodwill therein prior to Defendant's adoption and use of Defendant's Marks in commerce.

59. Plaintiff's Marks are distinctive in connection with Plaintiff's Services and were distinctive long before Defendant began using its infringing Defendant's Marks.

60. Upon information and belief, Defendant's Services, offered and provided using Defendant's Marks, have been widely advertised, offered for sale, and distributed throughout Florida and the United States.

61. Defendant's use of the infringing Defendant's Marks in interstate commerce in competition with Plaintiff is likely to cause, and/or has already caused, mistake, and/or to deceive consumers as to an affiliation, connection, or association of Defendant with Plaintiff, and/or as to the origin, sponsorship, and/or approval of Defendant's Services or commercial activities by Plaintiff.

62. Defendant is therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), and have caused damage to Plaintiff in an amount to be determined at trial. Plaintiff is being irreparably harmed by the infringement and has no adequate remedy at law.

63. Absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT II
## FLORIDA STATE SERVICE MARK INFRINGMENT UNDER FLA. STAT. § 495.131

64. Plaintiff adopts and incorporates Paragraphs 1-56 as if fully alleged herein.

65. This is an action for service mark infringement under Fla. Stat. § 495.131 *et seq.*

66. Defendant has intentionally, and without Plaintiff's consent, used, copied, or imitated Plaintiff's Marks in connection with the advertising of Defendant's Services or in connection with such use that is likely to cause confusion, to cause mistake, or to deceive.

67. The activities of Defendant described herein infringe upon Plaintiff's Marks which are the subject of Florida State Service Mark Registrations:

    a. Florida Reg. Doc. No. T17000000315 for **FACILITIES**;

    b. Florida Reg. Doc. No. T17000000017 for **FACILITIES PRO-SWEEP**;

   c. Florida Reg. Doc. No. T17000000048 for **FACILITIES PRO-SWEEP & DESIGN OF WORD "FACILITIES" FOLLOWED BY A TRUCK ABOVE HORIZONAL LINES PRECEDING "PRO-SWEEP"**; and/or

   d. Florida Reg. Doc. No. T16000000383 for **FACILITIES PRO-SWEEP & DESIGN OF WORD "FACILITIES" RED, WORD "PRO-SWEEP" AND TRUCK ARE BLUE, RED HORIZONTAL LINES PRECEDE "PRO-SWEEP"**);

in violation of Fla. Stat. § 495.131 *et seq*.

68. Defendant's acts have been committed with knowledge that Defendant's Marks are intended to be used to cause confusion or mistake or to deceive.

69. Plaintiff's Marks are distinctive in connection with Plaintiff's Services and were distinctive long before Defendant began using its infringing Defendant's Marks.

70. Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendant's actions.

## COUNT III
## FLORIDA COMMON LAW SERVICE MARK INFRINGEMENT

71. Plaintiff adopts and incorporates Paragraphs 1-56 as if fully alleged herein.

72. This is an action for common law service mark infringement against Defendant based on its promotion, advertisement, offering, and providing of Defendant's Services bearing Defendant's Marks, which are nearly identical, highly similar, and/or confusingly similar to Plaintiff's Marks.

73. Plaintiff is the owner of all common law rights in and to Plaintiff's Mark.

74. Plaintiff's Marks are distinctive in connection with Plaintiff's Services and were distinctive long before Defendant began using its infringing Defendant's Marks.

75.     Specifically, Defendant, upon information and belief, is promoting and otherwise advertising, distributing, offering, and providing Defendant's Services under Defendant's Marks.

76.     Defendant's infringing activities are likely to cause and/or actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's Services, including affiliation with and/or sponsorship by Plaintiff.

77.     Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendant's actions.

## COUNT IV
## FLORIDA COMMON LAW UNFAIR COMPETITION

78.     Plaintiff adopts and incorporates Paragraphs 1-56 as if fully alleged herein.

79.     Defendant's activities constitute unfair competition with Plaintiff by creating a likelihood of confusion in the trade as to the source or sponsorship of the services or is likely to lead the public to believe Plaintiff is in some way connected to Defendant and is likely to mislead persons in the ordinary course of purchasing the services of Defendant and induce them to believe they are purchasing genuine services of Plaintiff, thereby injuring that reputation and goodwill and unjustly diverting from Plaintiff to Defendant the benefits arising therefrom.

80.     Defendant's unlawful activities constitute unfair competition and passing off as proscribed by the common law and have caused Plaintiff to sustain monetary damage, loss, and injury in an amount to be determined at the time of trial.

81.     Plaintiff reserves the right to amend Count IV of its Complaint to seek punitive damages from Defendant as permitted and authorized by Fla. Stat. § 768.72 after further discovery.

82. Defendant's acts of unfair competition and misappropriation, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damages, loss and injury, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

Plaintiff demands judgment in its favor for:

A. A preliminary injunction effective during the pendency of this action, and an order and judgment of this Court, effective permanently thereafter, restraining and enjoining Defendant and its officers, directors, managers, agents, employees, all others acting in concert with them and anyone on notice of this Court's order, from:

   a. Using in any manner one or more of Plaintiff's Marks or any variation thereof confusing similar to Plaintiff's Marks, including, without limitation, Defendant's Marks;

   b. Using in any manner any service mark, words, abbreviations, text, or other combinations thereof that would imitate, resemble, or suggest one or more of Plaintiff's Marks;

   c. Otherwise infringing one or more of Plaintiff's Marks;

   d. Unfairly competing with Plaintiff by copying or imitating one or more of Plaintiff's Marks; and

   e. Implying, directly stating, or creating the impression that Defendant or its services are affiliated, sponsored by, or associated with Plaintiff or its services.

B. An order that the Defendant publish for a period of not less than twelve months, corrective advertising in all media in which the infringing marks had been published, explaining to customers that Defendant and Defendant's Services are not affiliated with

    or endorsed by Plaintiff;

C. An order directing the Commissioner of Trademarks for the USPTO to cancel Defendant's registered marks, namely, Reg. '047 and Reg. '195;

D. An order directing the TTAB to dismiss or not initiate any opposition proceeding instituted by Defendant against Plaintiff, including of Plaintiff's App. No. '404, so that App. '404 may proceed to registration;

E. An accounting by Defendant of its profits attributable to Defendant's wrongful conduct, and for a judgment against Defendant, in such amount, together with interest thereon as provided by law;

F. An enhancement of any award under Paragraph E of this Prayer;

G. An enhancement of any award under Paragraph E of this Prayer, under 495.141(1), Fla. Stat., equal to three (3) times any award for damages and/or profits;

H. Any and all damages suffered by Plaintiff resulting from Defendant's wrongful conduct, including, without limitation, compensatory, incidental, and consequential damages;

I. Any and all relief to which Plaintiff may be entitled pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., including treble damages and Plaintiff's attorneys' fees;

J. An award of Plaintiff's reasonable attorneys' fees as the prevailing party under §§ 501.2105(1), 495.141(1), Fla. Stat.;

K. An award of attorneys' fees provided by any other legal authority;

L. An award of full costs incurred by the Plaintiff herein;

M. Entry of an award of pre-judgment interest on the judgment amount;

N. Such additional relief as the Court deems fair and just.

//

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 6th day of April, 2017.

                              BRADLEY LEGAL GROUP, P.A.
                              *Attorneys for Plaintiff,*
                              *FACILITIES PRO-SWEEP, INC.*

By:   /s/John F. Bradley/
        John F. Bradley, Esq.
        Florida Bar #0779910
        15 Northeast 13th Avenue
        Fort Lauderdale, FL 33301
        Tel: (954) 523-6160
        Email: jb@bradlegal.com

## VERIFICATION

In accordance with 28 U.S.C. § 1746, I, Edward J. Flak, as Director of Plaintiff, FACILITIES PRO-SWEEP, INC., declare under penalty of perjury that I have read the foregoing Verified Complaint and that the facts stated herein are true and correct to the best of my personal knowledge.

Executed in Fort Lauderdale, Florida, this 6th day of April, 2017.

_____
Edward J. Flak